Alexander POTTER, Plaintiff in Error, v. CITY OF COATESVILLE, PA., Defendant in Error.

(Circuit Court of Appeals, Third Circuit. February 27, 1924.)

No. 3029.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

A. M. Holding, of West Chester, Pa., and J. Paul MacElree, of Philadelphia, Pa., for plaintiff in error.

William Tregay, of Coatesville, Pa., defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

PER CURIAM. This writ of error is based upon a directed verdict for $1,318.33 in favor of the plaintiff in the District Court, who is plaintiff in error here. The defendant is the city of Coatesville, a municipality in Chester county, Pa. It desired to construct new waterworks. In February, 1912, it entered into a contract with the plaintiff, an engineer of New York City, "for doing the engineering work in connection with" the construction of the waterworks. His compensation for this work was 5 per cent. of the actual cost of the work. One-third of this amount was to be for his services in making surveys, reports, etc., rendered up to the time of the letting of the contract, and two-thirds for the supervision of the work thereafter.

After the construction of the waterworks had been begun, it was delayed by litigation, and so was not completed by the contractor at the time specified in the contract. Some time after the work was finished and the city, upon estimates furnished by the plaintiff, had paid the contractor in full for his work, the plaintiff demanded $10,701.80 as compensation for supervision of the work done after the time fixed in the contract for the completion of the work, and $1,000 for extra work which was not included in the contract, together with interest. It thus appears that there were two contracts: One between the city of Coatesville and the plaintiff engineer, and the other between the city and the contractor.

The contracts between the city and the contractor provided in section 21 that if the contractor did not complete the work within the time fixed by the contract, and he was thereafter permitted by the city to finish it, the city had full authority to deduct, and should deduct monthly, from the estimates of the amounts due the contractor, and should "pay to the engineer and inspector or inspectors as fees, salaries, or wages for services after the expiration of the time specified in the contract for the completion of said work, sums which shall be equal to the same average per diem amount as would have been paid to the engineer during the period of this contract, if completed on time." The contract provided that this compensation was liquidated damages for nonperformance of the contract. The city, however, did not with-

hold the money, and so did not pay anything to the engineer for supervision of the work done after the time it should have been completed according to the contract.

The plaintiff contends that the provision in the contract imposed upon the city the mandatory duty to withhold the money from the contractor and to pay it to him and his inspectors. But the learned trial judge held as a matter of law that the engineer could not recover under that provision of the contract for the work done after the time of doing it had expired, and directed a verdict for the defendant on this issue, but directed a verdict for the plaintiff for the amount, with interest, due him for the extra work.

The contract between the plaintiff and the city provided that, after the letting of the contract by the city, this work should "include a complete supervision of the construction of the plant which the city ultimately concludes to build." This paragraph is immediately followed by another provision relating to the architect's compensation: "For the performance of the above mentioned work in a faithful manner, I [the plaintiff] will accept the sum of five per cent. (5%) of the actual cost of the work." It thus appears that the plaintiff's contract provided in express terms for the exact compensation of the complete supervision of the construction of the entire waterworks without regard to the time required for completion.

In his opinion "sur motion of plaintiff for a new trial," the learned trial judge discussed and satisfactorily disposed of every question of law relied upon by plaintiff here. We do not find any error in the conduct of the trial and the direction of a verdict. We therefore affirm the judgment, on the opinion denying a new trial. 297 Fed. 230.

BUFFINGTON, Circuit Judge, took no part in the consideration and decision of this case.